IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 15 2010
J. T. NOBLIN, CLERK
BY_____ DEPUTY

MATTIE D. BROWN
AND JAMES A. BROWN                                                     PLAINTIFFS

VS.                                         CIVIL ACTION NO. 3:10cv211 TSL-FKB

STEPHEN L. LaFRANCE PHARMACY, INC.
d/b/a USA DRUG, SUPER D #26,
MICHAEL PHILLIPS AND
JOHN DOES 1-10                                                          DEFENDANTS

## NOTICE OF REMOVAL

**COME NOW** Defendants Stephen LaFrance Pharmacy, Inc. d/b/a USA Drug ("USA Drug"), and Super D #26, improperly named as a Defendant, the proper Defendant being Super D Drugs Acquisition Co. ("Super D") (collectively referred to as "Defendants") by and through counsel, and file their Notice of Removal of this action from the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division, and, in support thereof, would show unto the Court the following:

## COMPLAINT

1. On or about March 11, 2010, the Plaintiffs filed a Complaint against Defendants in the Circuit Court of the First Judicial District of Hinds County, Mississippi, being civil action number 251-10-182 CIV, a copy of which is attached hereto as Exhibit A.

2. In their Complaint, the Plaintiffs allege that Plaintiff, Mattie Brown, was given a prescription for Lisinopril instead of a prescription for Lotrel and, as result allegedly sustained various injuries. Ex. A, ¶ (11). The Plaintiffs seek an award for serious physical injuries; past, present, future pain and suffering; past, present, future mental anguish; shock; past, present, future

emotional upset; negligent infliction of emotional distress; and past, present and future medical expenses. Ex. A, ¶ (30). Plaintiff, James Brown also seeks damages related to his loss of consortium claim. Ex. A, ¶ (31). Additionally, Plaintiffs seek an unspecified amount of punitive damages. Ex. A, ¶ (33).

## **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

**A.     This Case is Properly Removable**

3.     This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a state court of which the district courts of the United States have <u>original jurisdiction,</u> [2] may be removed by the defendant or the defendants, to the <u>District Court of the United States for the district or division embracing the place where such action is pending.</u> . . .

28 U.S.C. § 1441(a) (emphasis added).

4.     As will be explained in more detail below, this Court has original jurisdiction (diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> a.     The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
> (1)     citizens of different States. . . .

28 U.S.C. § 1441(a).

5.     Additionally, the United States District Court for the Southern District of Mississippi, Jackson Division, is the district and division embracing the location of the state court where this suit is currently pending.

**B.      This Removal is Timely**

6. Pursuant to 28 U.S.C. §1446 (b), a notice of removal can be filed within thirty (30) days after receipt by the defendant "through service or otherwise, a copy of an the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . " 28 U.S.C. §1446 (b).

7. Defendants were served a copy of the Summons and Complaint on March 16, 2010. *See* Exhibit B.

8. Since Defendants are removing this case within thirty days from March 16, 2010, removal is timely.

**C.      Required Documents Attached and Notice to Clerk Given**

9. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings and orders served on Defendants are attached hereto collectively as Exhibit B.

10. Additionally, contemporaneous with the filing of this Notice of Removal, Defendants will file a copy of the same with the Clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi, in accordance with 28 U.S.C. §1446(d).

## DIVERSITY JURISDICTION EXISTS

11. As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a), because the Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.      Diversity of Citizenship Exists**

12. According to the Complaint, the Plaintiffs are adult resident citizens of Hinds County, Mississippi. Complaint, Ex. A, at ¶¶ (1) and (2).

13. Defendant USA Drug is a resident of Arkansas. Specifically, USA Drug is a corporation organized under the laws of Arkansas with its principal place of business in Arkansas.

14. Defendant Super D is a resident of the States of Delaware and Arkansas. Specifically, Super D is a corporation organized under the laws of Delaware with its principal place of business in Arkansas.

15. Michael Phillips ("Phillips") is a citizen of the State of Mississippi. However, as demonstrated in detail below, he has been fraudulently joined as a defendant and, as such, he should not be considered for purposes of determining whether there is complete diversity.

16. John Doe defendants are not material to removal jurisdiction.

**B.  Michael Phillips Has Been Fraudulently Joined**

17. A resident defendant is fraudulently joined for purposes or preventing removal when there is no "reasonable basis for predicting that state law would allow recovery" against the non-diverse defendant. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 and n. 4 (5th Cir. 2000); *see also, Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To determine whether there is a reasonable basis for predicting that state law would allow recovery against a non-diverse defendant, courts utilize the following test:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Ci. 2004); *see also Crawford v. Charles Schwab & Co., Inc.*, 2009 U.S. Dist. LEXIS 101598, *10 (N.D. Tex. Oct. 30, 2009).

### 1. Plaintiffs' Complaint Does Not Contain Allegations Against Phillips Sufficient to Survive a Rule 12(b)(6) Analysis

18. The Rule 12(b)(6)-type analysis requires the court to determine whether the plaintiff has "'pleaded enough facts to state a claim to relief that is plausible on its face.'" *Crawford*, 2009 U.S. Dist. LEXIS 101598 at *10 (quoting *In re Katrina Canal Breach Litigation*, 495 F.3d 191 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). A complaint will not survive this analysis if it "'tenders naked assertions devoid of further factual enhancement.'" *Id. quoting Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009). "'Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined.'" *Id. (quoting Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004)). Thus, to survive a Rule 12(b)(6)-type inquiry a plaintiff must plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Iqbal*, 129 S. Ct. at 1949).

19. In the case at bar, the Complaint contains, at best, only conclusory allegations against Phillips. The Complaint alleges only that Plaintiff visited the Super D to have a Lotrel prescription filled and was given Lisinopril. The Complaint thereafter alleges that the "Defendants breached the standard of care by failing to properly dispense to [the Plaintiff] the proper drug as per her physicians prescription." Ex. A, ¶ 11, 17. The Complaint, however, does not contain any specific allegations against Phillips nor does the Complaint contain any factual support for any allegation that Phillips was in any way personally responsible for the fact that Plaintiff Mattie Brown was given Lisinopril instead of Lotrel. Thus, the conclusory allegations against Phillips are insufficient to survive a Rule 12(b)(6) analysis and, as such, Phillips has been fraudulently joined.

2. **Alternatively, Even Assuming that Plaintiffs' Complaint Would Survive a Rule 12(b)(6) Analysis, Once the Pleadings are Pierced, it is Clear that Phillips Has Been Fraudulently Joined**

20. As noted above, where the Complaint contains misstated or omitted facts that would determine the propriety of joinder, the Court may pierce the pleadings and conduct a summary inquiry to determine if the non-diverse defendant has been fraudulently joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

21. The affidavit of Phillips establishes that he properly filled and dispensed a prescription of Lotrel for Mattie Brown by placing the correct medicine in the correct quantity into a properly labeled bottle. Ex. C.

22. Because Phillips did not improperly dispense or fill the subject prescription, Plaintiffs have no reasonable basis for recovery against Phillips and, as such, Phillips has been fraudulently joined.

**C. Amount in Controversy Met**

23. Plaintiffs' Complaint seeks an unspecified amount of punitive damages. Ex. A, ¶ 33. Plaintiffs' claim for an unspecified amount of punitive damages alone is sufficient to satisfy the jurisdictional amount. *See e.g. Montgomery v. First Family Financial Services, Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (noting that federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction); *accord Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698 (S.D. Miss. 1988).

24. Defendants reserve the right to amend or supplement this Notice of Removal.

25. Defendants reserve all affirmative defenses, including but not limited to 12(b)

defenses.

**WHEREFORE, PREMISES CONSIDERED**, Defendants request that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of the First Judicial District of Hinds County, Mississippi, be hereby stayed.

This the 15th day of April, 2010.

        Respectfully submitted,

        **STEPHEN L. LaFRANCE PHARMACY, INC.,**
        **d/b/a USA DRUG and SUPER D #26**

By: _____
        Thomas M. Louis (MSB # 8484)
        Roy H. Liddell (MSB # 1252)
        Shanda M. Yates (MSB # 102687)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901

## CERTIFICATE OF SERVICE

    I, Shanda M. Yates, do hereby certify that I have this day mailed, via United States Mail, postage prepaid, a true and correct copy of the above and foregoing to:

Vaterria M. Martin, Esq.
5709 Highway 80 West
Jackson, MS 39209

THIS, the 15th day of April, 2010.

_____
Shanda M. Yates