F I L E D

MAR 11 2010

BARBARA DUNN, CIRCUIT CLERK
BY _____

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

MATTIE D. BROWN                                                    **PLAINTIFFS**
AND JAMES A. BROWN

CIVIL ACTION NO. 251-10-182CIV

VS.

STEPHEN L. LaFRANCE PHARMACY, INC.
d/b/a USA DRUG, SUPER D #26,
MICHAEL PHILLIPS AND                                              **DEFENDANTS**
JOHN DOES 1-10

## PLAINTIFFS REQUEST TRIAL BY JURY

COME NOW, MATTIE D. BROWN and JAMES A. BROWN (hereinafter "Plaintiffs"
unless individually specified), and file this, their Complaint against Defendants, STEPHEN L.
LaFRANCE PHARMACY, INC. d/b/a USA DRUG, SUPER D #26,  MICHAEL PHILLIPS and
UNIDENTIFIED DEFENDANTS 1-10 (hereinafter collectively referred to as " Defendants" unless
specifically identified), and would state the following, to-wit:

### PARTIES

(1)

Plaintiff, Mattie D. Brown, is an adult resident citizen of Jackson, Hinds County, Mississippi,
who currently resides at 3530 Lucky Street, Jackson, Mississippi 39213.

(2)

Plaintiff, James A. Brown, is an adult resident citizen of Jackson, Hinds County, Mississippi,
who currently resides at 3530 Lucky Street, Jackson, Mississippi 39213.  He is the husband of
Plaintiff, Mattie D. Brown.

(3)

Defendant, Stephen L. LaFrance Pharmacy, Inc. d/b/a USA Drug, is a foreign corporation



EXHIBIT

A

organized and existing under the laws of the State of Arkansas.  Defendant is authorized to do business within this State, with a principal office address of 3017 North Midland Drive, Pine Bluff, Arkansas 71603.  Defendant may be served with process of this lawsuit by serving its registered agent, C T Corporation System, at 645 Lakeland East Drive, Suite 1, Flowood, Mississippi 39232.

(4)

Defendant, Super D # 26, is believed to be a domestic corporation organized and existing under the laws of the State of Mississippi. This entity is located at 4329 North State Street, Jackson, Mississippi 39206.  Upon information and belief, this Defendant is either a subsidiary or branch entity of Defendant, Stephen L. LaFrance Pharmacy, Inc. d/b/a USA Drug.  As a result, this Defendant may also be served with process of this lawsuit by serving registered agent, C T Corporation System, at 645 Lakeland East Drive, Suite 1, Flowood, Mississippi 39232.

(5)

Defendant, Michael Phillips, is an employee of Defendants, specifically working at the Super D # 26 located at 4329 North State Street, Jackson, Mississippi 39206. Defendant may be served with process of this lawsuit by serving him at his place of employment or wherever he may be found.

(6)

Unidentified Defendants 1-10 are unknown defendants, whether individual or corporate, or other entities who may be liable to the Plaintiffs on account of the injuries suffered by Plaintiffs on or about June 9, 2009, and whose identities, domicile and whereabouts are unknown to Plaintiffs at this time.  The names of these Defendants will be substituted by amendment when ascertained.

## JURISDICTION AND VENUE

(7)

Jurisdiction of this Court is based on Mississippi Code Annotated § 9-7-81 (1942) and any and all other statutes or Mississippi Constitutional provisions that vest authority and jurisdiction in circuit courts. This Court has subject matter jurisdiction as this action involves claims for monetary damages for personal injuries that occurred within the confines of Jackson, Hinds County, Mississippi.

(8)

This Court also has personal jurisdiction as this action is between non-diverse citizens. Plaintiffs specifically disavow any and all federal statutes, federal laws, and/or federal provisions in this action. The Mississippi Long Arm Statute also provides jurisdiction as to the foreign Defendant, Stephen L. LaFrance Pharmacy, Inc d/b/a USA Drug.

(9)

Pursuant to Miss. Code Ann. § 11-11-3, venue is proper before this Court as the medical malpractice actions which produced the injuries in this matter occurred in Jackson, Hinds County, Mississippi. The subject injuries and damages were also sustained in Jackson, Hinds County, Mississippi.

(10)

On or about October 7, 2009, these Plaintiffs, by and through their undersigned counsel, caused to be filed and delivered by certified United States mail to Defendants, Steven L. LaFrance Pharmacy, Inc. d/b/a USA Drug, Super D #26 and Michael Phillips, a Notice of Claim letter regarding the act(s) and/or omission(s) set forth herein, as required by Miss. Code Ann. § 15-1-

36(15).  A copy of this letter is attached hereto as Exhibit "A" and is incorporated by reference herein.  Plaintiffs submit that this Notice of Claim letter has been served placing these Defendants on notice at least Sixty (60) days prior to filing the instant lawsuit.  Pursuant to Miss. Code Ann. § 11-1-58, a Certificate of Consultation is also attached hereto as Exhibit "B" and is incorporated by reference herein.

**FACTS**

(11)

On or about June 9, 2009, Plaintiff, Mattie D. Brown, visited Defendant, Super D #26, located at 4329 North State Street, Jackson, Mississippi to have her prescription for the drug, Lotrel, filled.  Instead of filling Mattie D. Brown's prescription as prescribed, Plaintiff was given the drug, Lisinopril.  It was not until Plaintiff arrived home after leaving Super D #26 and had taken the Lisinopril by mouth that she realized that she had been given the wrong drug.

(12)

Plaintiff, Mattie D. Brown, was contacted by Defendant, Super D #26, later that evening regarding Defendant's error, but she had already ingested the Lisinopril drug.  On the following day, Plaintiff was treated by her primary treating physician at North Jackson Medical Clinic, who diagnosed her as having a severe allergic reaction to the Lisinopril drug.  The violent allergic reaction included tongue swelling, lip swelling, chest tightness, wheezing, difficulty talking, difficulty swallowing and hand numbness.  Plaintiff was subsequently admitted to St. Dominic Hospital for these injuries.

(13)

Defendant, Super D #26, pharmacy records indicate that the Lisinopril prescription was filled

-4-

by Defendant pharmacist, Michael Phillips.

## MEDICAL NEGLIGENCE

### (14)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-13 of their Complaint as if fully stated herein.

### (15)

Defendants were entrusted with important duties related to the overall care, treatment, and well-being of Plaintiff, Mattie D. Brown, including but not limited to, providing minimally competent healthcare treatment and properly filling her medical drug prescription as prescribed by her treating healthcare physician.

### (16)

Defendants owed Plaintiff, Mattie D. Brown, a duty to exercise that standard of care required of a minimally competent and qualified medical pharmacy/pharmacist.

### (17)

Defendants breached the standard of care by failing to properly dispense to Plaintiff, Mattie D. Brown, the proper drug as per her physician's prescription.

### (18)

The act(s) and/or omission(s) of Defendants proximately caused severe injury to Plaintiff, Mattie D. Brown.

### (19)

The above acts constitute medical negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants

proximately caused the damages and injuries sustained by Plaintiffs.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND/OR CONTROL

(20)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-19 of their Complaint as if fully stated herein.

(21)

At the time and on the occasion in question, Defendants, Stephen L. LaFrance Pharmacy, Inc. d/b/a USA Drug and Super D # 26, employed and retained a certain Defendant pharmacist, Michael Phillips, who, while acting within the course and scope of his respective employment with Defendants, negligently caused the wrong prescription to be dispensed to Plaintiff, Mattie D. Brown; thus, causing Plaintiff's violent allergic reaction, including tongue swelling, lip swelling, chest tightness, wheezing, difficulty talking, difficulty swallowing and hand numbness.

(22)

Further, Defendants were negligent in their hiring, training, retention, supervision and/or control of their employees, including Defendant pharmacist, Michael Phillips. Defendants had individual duties to exercise ordinary care in the hiring, training, and supervision of their employees. Defendants breached their individual duties in the following respects, among others:

a.   Failing to adequately monitor and supervise their employees;

b.   Failing to adequately train their employees;

c.   Failing to properly dispense the correct prescription drug as per the treating physician's prescription; and,

d.   Other act(s) and/or omission(s).

-6-

(23)

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## GROSS NEGLIGENCE

(24)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-23 of their Complaint as if fully stated herein.

(25)

The act(s) and/or omission(s) of Defendants, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Such conduct constitutes gross negligence (malice) as the term is defined under Mississippi law.

(26)

The act(s) and/or omission(s) of Defendants constitute gross negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## RESPONDEAT SUPERIOR

(27)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-26 of their Complaint as if fully stated herein.

(28)

Defendant pharmacist, Michael Phillips, was in the course and scope of his employment with

Defendants, Stephen L. LaFrance Pharmacy, Inc. d/b/a USA Drug and Super D # 26, at all relevant times immediately proceeding, during and subsequent to the medical negligence in question, and therefore, Defendants are liable for the negligence of their employee, agent and /or servant.

## COMPENSATORY DAMAGES

### (29)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-28 of their Complaint as if fully stated herein.

### (30)

As a proximate cause of the acts and omissions of Defendants, Plaintiff, Mattie D. Brown, suffered serious physical injuries; past, present and future pain and suffering; past, present and future mental anguish; shock; past, present and future emotional upset; negligent infliction of emotional distress; past, present and future medical expenses; and other injuries and damages to be proven at the trial of this cause.

### (31)

As a proximate cause of the acts and omissions of Defendants, Plaintiff, James A. Brown, suffered damages for loss of consortium and services of his wife, Mattie D. Brown.

### (32)

Plaintiffs demand actual or compensatory damages in an amount to be determined by the trier of fact.

## PUNITIVE/EXEMPLARY DAMAGES

### (33)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-32 of their Complaint

as if fully stated herein.

(34)

Pursuant to the Defendants' gross negligence and willful, wanton, and reckless disregard for the life of Plaintiff, Mattie D. Brown, Plaintiffs are entitled to an award of punitive damages to be determined by the trier of fact. Plaintiffs specifically request a punitive damages instruction as to all Defendants.

## RIGHT TO AMEND

(35)

Plaintiffs hereby reallege and incorporate by reference Paragraphs 1-34 of their Complaint as if fully stated herein.

(36)

Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to amend this complaint.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment against the Defendants, either individually and/or jointly and severally, in an amount as actual or compensatory damages and punitive damages to be determined by the trier of fact together with all costs assessed herein. Further, Plaintiffs request any and all other relief which the Court deems appropriate and just under the circumstances.

RESPECTFULLY SUBMITTED, this the 11th day of March, 2010.

**MATTIE D. BROWN AND JAMES A. BROWN,**
Plaintiffs


BY: _VATERRIA M. MARTIN_

OF COUNSEL:

Vaterria M. Martin (MSB No. 101235)
Attorney At Law, PLLC
5709 Highway 80 West
Jackson, Mississippi 39209
Telephone: (601) 923-1577
Facsimile: (601) 923-1579
E-mail: VMMartin@4MartinsAtLaw.com